Isaac E. Guillen, Esq., SBN 194829
LAW OFFICES OF ISAAC E. GUILLEN
750 Terrado Plaza, Suite 236
Covina, CA 91723
Phone: (626) 859-0100
Fax: (626) 859-2025

Attorney for Defendant
VALENTIN CORDOVA

IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>vs.<br><br>VALENTIN CORDOVA<br><br>*Defendant.* | Case No. CR 07-01079-DSF<br><br>**MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO A SILENCER** |

Defendant, VALENTIN CORDOVA, by and through his attorney, Isaac E. Guillen, hereby requests that this Court preclude any and all testimony and evidence during trial relating to an alleged silencer. In further support, Defendant states as follows:

**I. Facts**

The Defendant has been charged in this Indictment in Count 1 with a violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A), Conspiracy to Distribute

- -

Controlled Substances, and in Count 21 with a violation of 21 U.S.C. § 843(b), Use of a Communication Facility in Committing a Felony Drug Offense.  No other offenses or counts are relating to Defendant.

It is alleged in this indictment, that this was a "drug conspiracy."  It is further alleged that defendant was part of said conspiracy.  Several other co-conspirators, including Arturo Cruz, were tried and convicted in a related indictment.  A silencer was found during one of the seizures performed in that other related indictment, as to Arturo Cruz.  During a telephone conversation on August 12, 2005, between the Defendant and Arturo Cruz, Defendant asks Arturo Cruz to return "that thing that had the "muffler" on it" that he had previously lent to Cruz.   In a subsequent conversation, it is clear that Cruz does return that "thing" with the "muffler" on it.  This alleged silencer was never recovered.  The government contends, with no evidence to prove it, that the silencer that they recovered from the seizures related to Arturo Cruz, is the same silencer mentioned by defendant in that August 12, 2005 conversation.  However, there is no evidence whatsoever that shows or tends to prove that these two distinct items are one in the same.

**II. Law**

According to the Federal Rules of Evidence, Rule 401, evidence, to be admissible, must be relevant.  ""Relevant evidence" means evidence having any

tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

However, even if it is shown that the evidence of a silencer is relevant in this case, under the Federal Rules of Evidence, Rule 403, the trial court may exclude otherwise relevant evidence if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

**III. Argument**

**A. The Evidence of the Silencer is Not Relevant**

The evidence being offered by the Government is not relevant to the issues in this case. The silencer found during the seizures relating to Arturo Cruz, have nothing to do with this indictment or this defendant. And, unlike a firearm, it does nothing to prove the defendant's involvement in the drug trade and/or intent to distribute.

////

////

**B. Even If Relevant, the Prejudice Outweighs the Evidence's Probative Value.**

Even assuming, *arguendo*, that there is some modicum of relevancy to this evidence, its probative value is outweighed by its prejudicial effect. The prejudicial effect of evidence of a silencer is obvious and highly inflammatory as to unduly influence the jury. The Government is essentially seeking to admit an elephant on the back of a mouse. They should not be permitted to do so because this evidence would unfairly prejudice the real issues the jury should consider at trial.

Unlike evidence of a firearm that has long been held to be relevant in cases involving drug trafficking charges, *See United States v. Fagan,* 996 F.2d 1009, 1015 (9th Cir.1993), because to say that a handgun is inflammatory is inconsistent with the general understanding of most people since many of them may have firearms in their homes for hunting purposes or for safety purposes, a silencer is considered practically of no use except to be used for a criminal purpose. *See United States v. Kayfez,* 957 F.2d 677, 679 (9th Cir.1992) (silencer rarely possessed for lawful purpose). Therefore, the highly inflammatory and prejudicial nature of evidence of a silencer should be kept out of this trial.

WHEREFORE, Defendant respectfully requests that this Honorable Court preclude Government's counsel from bringing up, referring to, or attempting to convey or suggest to the jury that the Defendant possessed a silencer or in some

way was connected to the silencer recovered in the seizures related to Arturo Cruz. Further, should the Government believe that this evidence is legitimate impeachment evidence; the Government should be required to notify the Court of it intends to use such evidence as impeachment.

DATED: May 8, 2009    Respectfully submitted,

_____/S/_____
Isaac E. Guillen
Attorney for Defendant
VALENTIN CORDOVA